Judge Nicholas
delivered the Opinion of the Court.
IN 1816, Woodson gave Scott his covenant for the conveyance of a tract of land, and put him in possession. The conveyance .was to have been made upon payment of the first instalment of the purchase money, which-was made in 1817 or 1818. • Scott having paid the-whole of the instalments, sued Woodson, in July 1824, for a failure to convey. Woodson afterwards tendered him a deed, in October, 1824, which Scott refused to accept. Woodson died, and the suit was revived against his administrators; who, together with his heirs, filed, in 1829, their hill, with injunction against further proceedings in the action at law, again tendering the deed executed by Woodson in his lifetime, and praying that Scott might he compelled to take it. On final hearing, in February,- 1833, the injunction was dissolved and the bill dismissed.
It does not appear that Srott ever made a demand of a deed previous to the institution of his action at law, or that he has sustained any prejudice from not having re- . ceived.a deed at the time he was entided to it.
The circumstance, that the. action at law had been commenced before any tender of a deed was made and before the bill was filed, presents of itself no obstacle to the ’ elief praved. It does not alter the attitude of the parties. It is not like the attitude in which they are placed by a judgment af law rescinding the contract.
- In the one case, the chancellor finds the contract already annulled bv the action -of the court of law upon it, in the other, it s 'id in full force. In the one, he is called upon to revive and enforce an extinct contract; *471 in the other, there is nothing but the ordinary question, which is addressed to his discretion in every application for specific performance, whether he will assist in enforcing the contract or not.
In determining that question, whilst he must ever feel it his duty to discountenance all unnecessary delay of the party seeking his aid, and especially where it has been prejudicial to the other party; yet he cannot but discriminate between that species of delay which has been the result of mere indolence or neglect unaccompanied, as here, by any injury to the party complaining of it, and that other which is wilful and designed, or at all indicative of a vascillation of purpose, as to a bona fide fulfilment of the contract. A knowledge of the want of that active vigilance and strict punctuality in fulfilling such contracts, on the part of the community generally, must compel him to overlook the delay in the one case, whilst his anxiety to discontenance fraud, or anv semblance of bad faith, will cause him to refuse his aid in the other. The delay of the purchaser in the payment of the purchase money, is oftentimes much' more prejudicial to the vendor, than a delay jn the reception of the title can possibly lie to the purchaser. Yet there is scarcely any amount of delay on the part of the purchaser, that will preclude him. from the aid of the chancellor. The vendor is generally considered as fully compensated by the interest on his debt. Reciprocity, and the demands of equal justice, would seem, therefore, to require the chancellor to overlook delay on the part of the vendor, which is the result of mere su-pineness, and which has not prejudiced the vendee, in any ascertainable mode or degree. - Such we believe to have been the course of decision on this subject. Some of the English cases treat the difficulty of clearing up and getting in a naked outstanding legal title, as in itself an excuse for delay. If a party can shew title at the hearing, it is of little consequence, that he had it not at the time of sale, or even at the filing of his bill. In the pithy dialect of the courts, time is not of the essence of the contract.
Defectin Wood sort’s title-possession for 47 years.
After 20 years possession, an executory contract appearing, ,a conveyance rnay.be presumed ; and after a much longer time (37 years) the presumption may be acted upon with confidence, ff will not be rebutted by the continued nonresidence of the vendor.
There is, therefore, nothing in the bare length of,time •which was here suffered by Woodson to elapse before he offered to perform his contract, which should of itself prevent the contract from being enforced.
It remains to investigate the force of the only other objection urged against a specific enforcement of the contract: — that, is an alleged want of sufficient title.
It is proved that Woodson and those under whom he claimed, had a continued, uninterrupted possession of the land, ever since 1786. The possession was originally taken under an executory contract with' the patentee: In 1796, ah attorney in fact of the devisee of the patentee attempted to convey the land to the assignee of the original purchaser, hut from the manner of executing the deed, it was insufficient, according to previous decisions, to pass the title of the devisee. The attorney in fact was authorized to receive the purchase money, and his deed acknowledges its reception. There had, therefore, been, at the time of hearing the cause, not only an uninterrupted possession of about forty seven years, but for thirty seven years of the time the purchase money had been paid. In the general, twenty years is sufficient to create the presumption of a deed, where an executory contract can he shewn, upon which to base the presumption. After the lapse of' forty seven, or even thirty seven, years, we think the presumption may be relied on, and acted upon, with the utmost confidence for every purpose.
But an alleged absence from this stntp of the devisee of the patentee, is relied upon tq repel the presumption here. There is neither allegation nor proof of such absence. The only circumstance in proof, conducing to shew it, is the fact that the power of attorney from the devisee was executed in Virginia. That fact alone we deem wholly insufficient to prove a continued absence from this state; and if it did, or if such absence were otherwise satisfactorily made out, we should not be willing to concede, that the presumption of a conveyance growing out of such great length of undisturbed possession, could be so rebutted.
where a vendor makes a deed, it^refused, and he dies; jn a‘ su¡t ‘ Ms heirs, the vendee is eom-pelted to accept t,le tlt,e; d*® same deed ill do — but he may h-’ve th<> deed of a commissioner if he prefers it.
No other defect in the title has been suggested, nor have we been able to perceive any-
According to the case of Cook vs. Hendricks, 4 Mon. 500, the deed executed and tendered by Woodson, in ht^ life time, though then refused, might be-deemed as sfill'sufficient, upon acceptance, to pass the title; but all difficulty on tiiat score can be removed on tiie return of the cause, by a conveyance of tire tide from Woodson’s i ■ , , ‘ . . . , r rr-neirs, through a commissioner. A decree to that effect, if Scott'desires it, with a perpetuation of the injunction, ... , 1 \ . . J will be an appropriate disposition ol the cause.
The decree must lie reversed, with costs, and the cause remanded, with directions for a decree pursuant hereto,